CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 27 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 7:05CR00086 |
| | ) | |
| | ) | **OPINION SETTING FORTH** |
| v. | ) | **REASONS FOR SENTENCE** |
| | ) | By: Hon. Glen E. Conrad |
| MICHAEL WAYNE RIELEY | ) | United States District Judge |

For the reasons set forth in this opinion, the court finds it reasonable to sentence Michael Wayne Rieley to eight months of imprisonment, to be treated as a sentence under Zone C, a sentence below the advisory guideline range.

The defendant, Michael Wayne Rieley, pled guilty to Count One of an indictment, charging him with knowingly possessing firearms, which had previously been shipped or transported in interstate commerce, after having been convicted of a crime punishable by imprisonment for a term exceeding one year. 18 U.S.C. § 922 (g)(1) and § 924 (a)(2) (2005). Specifically, Rieley was charged with possessing "[a] Savage, model 4C, .22 caliber bolt-action rifle, no serial number; [a] Ranger Arms Inc., model 103-2, .22 caliber bolt action rifle, no serial number; [a] Harrington and Richardson, model unknown, 12 gauge single shotgun, serial number 266137; and [a] Marble Arms Corp., model unknown, .303 British caliber bolt-action rifle, no serial number."

On January 23, 2006, Rieley pled guilty pursuant to a written plea agreement. In the plea agreement, the parties stipulated that Rieley would have a base offense level of 14, determined by § 2K2.1 of the U.S. Sentencing Guidelines Manual (2005). The agreement also provided that if

Rieley fulfilled his obligations under the plea agreement and accepted responsibility for his conduct, the United States would recommend a sentence of incarceration at the low end of the applicable sentencing guideline range. (Plea Agreement ¶ 6.) The agreement further provided that the government would object to a motion for downward departure, but would not object to a request that Rieley "be allowed to serve any term of imprisonment at a community correctional facility if allowed by the rules and regulations of the Bureau of Prisons." (Plea Agreement ¶ 6.)

A presentence investigation report ("PSR") was prepared as to the defendant. In the PSR, the probation officer calculated the defendant's guideline range under the Sentencing Guidelines. Based on his plea agreement, Rieley was determined to have a total offense level of 13, with a criminal history category of I, for a sentence range of twelve to eighteen months of imprisonment.

Prior to the sentencing hearing, the defendant filed a motion for downward departure. The government responded, opposing the motion for downward departure. Based upon the facts shown in the PSR and the evidence presented at the sentencing hearing, the court makes the following findings of fact and conclusions of law in regard to an appropriate sentence for the defendant.

In United States v. Booker, 543 U.S. 220 (2005), the United States Supreme Court held that the Sentencing Guidelines are not mandatory, although a sentencing court must consult the guidelines, along with the sentencing goals set forth in 18 U.S.C. § 3553 (a). Based upon the particular circumstances of this case and the sentencing goals espoused in 18 U.S.C. § 3553 (a), the court finds that a sentence below the guideline range is appropriate.

The court is instructed by 18 U.S.C. § 3553(a)(1) to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553 (a)(1) (2006). The court concludes that Rieley's history and personal characteristics justify mitigation of his sentence. Under the guidelines, certain factors are not generally relevant in determining whether a sentence should be outside the guideline range. See U.S. Sentencing Guidelines Manual ch. 5, pt. H, introductory cmt. (2005). Two such factors are a defendant's employment record and a defendant's family ties and responsibilities. U.S. Sentencing Guidelines Manual, § 5H1.5 and § 5H 1.6 (2005). A sentencing court may consider such a factor in making a departure "if the characteristics or circumstances distinguish the case from the heartland cases covered by the guidelines in such a way that departure is warranted." United States v. Mullins, 356 F. Supp. 2d 617, 620 (W.D. Va. 2005) (citing Koon v. United States, 518 U.S. 81, 96 (1996)). In addition, the Sentencing Guidelines recognize that a sentencing court may depart from the applicable guideline range "based on a combination of two or more offender characteristics ... none of which independently is sufficient to provide a basis for departure." U.S. Sentencing Guidelines Manual, § 5K2.0 (c) (2005). In order to apply this section, the court must find that the offender characteristics in combination make the case exceptional, and the characteristics are present to a substantial degree and identified in the guidelines as permissible grounds for departure. Id.

The court concludes that the defendant's employment record and family responsibilities fulfill these criteria. Rieley has been employed installing doors and windows from 1996 until July 21, 2005, and worked as a cabinetmaker from 1990 through 1996. At the time of the sentencing hearing, Rieley was working at least five days a week, and was sometimes working

3

more than five days a week. By maintaining continuous employment, he has contributed to the support of his girlfriend and her daughter, with whom he resides. He also contributed to the support of his mother and his sister, who is a single mother. Pursuant to § 5H1.6, the court notes that Rieley's offense did not endanger his family, and that incarceration for twelve or more months would cause a loss of essential financial support, exceeding the ordinary harm caused by incarceration. See U.S. Sentencing Guidelines Manual, § 5H1.6 (2005). The combination of Rieley's employment record and family responsibilities render Rieley's situation exceptional, justifying a sentence outside the heartland of the guidelines. By fashioning a shorter sentence, some of which can be satisfied by supervised release and community confinement or home detention, the court intends that Rieley will be able to return to work and fulfill his family responsibilities.

The court also concludes that several other factors support its decision to sentence Rieley below the applicable guideline range. Rieley has a relatively clean criminal record, and has not been charged with an offense, other than minor traffic offenses, in sixteen years.[1] The court also notes that Rieley has accepted responsibility for his actions. Although a urine screen submitted by Rieley on October 19, 2005, while he was released on bond, tested positive for cocaine, all subsequent urine screens have tested negative for illegal substances. These recent results indicate that Rieley can stop using drugs while under supervision.

Rieley's sentence recognizes the serious nature of his criminal conduct, while considering the "nature and circumstances of the offense and characteristics of the defendant." 18 U.S.C. § 3553 (a) (2006). The sentence also serves the purposes of sentencing, deterring criminal conduct

---

[1] This 1990 charge was the predicate felony for the instant offense.

4

and protecting the public. Id. Accordingly, the court concludes that a term of imprisonment of eight months, to be served as a Zone C sentence, is appropriate.

ENTER: This 27th day of July, 2006.

/s/ Jack Conrad

United States District Judge